## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARISMA JONES | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:24-cv-00050-SLP |
| | ) |
| AMERICAN COLLECTION SERVICES, | ) |
| INC. AND WORKS AND LENTZ, INC. | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF CHARISMA JONES'S RESPONSE TO DEFENDANT WORKS AND LENTZ INC.'S MOTION TO DISMISS

Plaintiff Charisma Jones by and through her attorney of record Jeffrey Wilson asks the Court to deny Defendant Works and Lentz's motion to dismiss.

### A. Introduction

1. Plaintiff is Charisma Jones ("Ms. Jones"); Defendant is Works and Lentz, Inc. ("Debt Collector").

2. Ms. Jones sued Debt Collector for violating the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.* on January 16, 2024. (ECF Doc. No. 1).

3. Ms. Jones filed an amended complaint on March 3, 2023. (ECF Doc. No. 9).

4. Debt Collector filed a motion to dismiss the amended complaint on March

18, 2023. (ECF Doc. No. 11).

## LEGAL STANDARD

When considering a defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cnty. Office of Educ.*, , 824 (9th Cir. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The sufficiency of a complaint is a question of law, and when considering a motion to dismiss, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("[O]nly if a reasonable person could not draw ... an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.")

## ARGUMENTS & AUTHORITIES

The Fair Debt Collection Practices Act ("FDCPA") promotes ethical business practices by debt collectors.[1] "The Fair Debt Collection Practices Act establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001). The FDCPA "prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995).

The FDCPA is a strict liability standard and generally does not require proof of intentional violation. *See Stratton v. Portfolio Recovery Assocs., L.L.C.*, 770 F.3d 443 (6th Cir. 2014); *Tourgeman v. Collins Fin. Services, Inc.*, 755 F.3d 1109 (9th Cir. 2014); *Glover v. F.D.I.C.*, 698 F.3d 139 (3d Cir. 2012); *Easterling v. Collecto, Inc.*, 692 F.3d 229 (2d Cir. 2012).

The Tenth Circuit has explained that the FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). *See Avila v. Riexinger & Assoc.*, 817 F.3d 72, 75 (2d Cir. 2016); *Kaymark v. Bank of Am.*, 783 F.3d 168, 174 (3d

---

[1] S. Rep. No. 382, 95th Cong., 1st Sess. 1, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696. *See also* 15 U.S.C. §§ 1692(c), 1692(e).

Cir. 2015); *Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 713 (6th Cir. 2015).

> I.    **Ms. Jones's complaint provides fair notice of the claim pursuant to 15 U.S.C. § 1692c(a)(1) and the factual allegations are sufficient to show that the right to relief is plausible.**

Ms. Jones's complaint alleges violations of 15 U.S.C. § 1692c(a)(1). Ms. Jones is entitled to relief under 15 U.S.C. § 1692c(a)(1) because Debt Collector attempted to communicate with Ms. Jones at a place Debt Collector knew was not convenient. Section 1692c(a)(1) states that:

> [A] debt collector may not communicate with a consumer in connection with the collection of any debt. . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

15 U.S.C. § 1692c(a)(1).

If a consumer such as Ms. Jones notifies a debt collector or the debt collector otherwise knows that a place is inconvenient, then the debt collector should not direct communications to that place.

Debt Collector contends that the receipt of a dunning letter at a consumer's home cannot amount to a violation of 15 U.S.C. § 1692c(a)(1). Debt Collector supports this contention by stating:

> Common sense dictates that correspondence sent by mail to Plaintiff at her home is not a communication at an "inconvenient" place, **no matter** what Plaintiff had conveyed to W&L prior to the correspondence.

(ECF Doc. No. 11 at 4).

4

Seemingly, Debt Collector is arguing that our legislatures and governmental agencies do not have common sense. Regulation F Official Interpretations state that if a location, *including* the consumer's home, is an inconvenient place, the collector should not contact the consumer at that location, not only by calling a landline there but also by sending mail to that address. *See* Reg. F Official Interpretations §§ 6(b)(1)-1(iii), 6(b)(1)(ii)-1. Moreover, Regulation F Official Interpretations provide that a debt collector knows or should know that a place is inconvenient if the consumer uses the word "inconvenient" to notify the debt collector. *Id.*

Next, Debt Collector asserts that "Plaintiff cannot, by fiat, label her home an "inconvenient" place for communication—especially when so declaring in a dispute notice." This is patently false. Regulation F supplemental information states:

> The Bureau declines to restrict how a consumer may designate a time or place as inconvenient. The statute does not prescribe any specific actions or require precise responses or utterances on behalf of the consumer to invoke these communications protections, and nor does this final rule impose such requirements. The Bureau determines that a flexible approach is necessary when it comes to communications, which by their very nature are dynamic, depend upon the specific circumstances, and differ from consumer to consumer. Such fluid communications cannot be scripted, nor can ever permutation be anticipated.[2]

In addition, Regulation F Official Interpretations also provides that

---

[2] *See* 85 Fed. Reg. 76,734, 76,761 (Nov. 30, 2020).

"depending on the facts and circumstances, the debt collector knows or should know that a time or place is inconvenient even if the consumer does not specifically state to the debt collector that a time or place is 'inconvenient.'" Reg. F Official Interpretations § 6(b)(1)-1.

In support of her claim for violations of the Fair Debt Collections Practices Act, Ms. Jones made the following factual allegations for each element: after receipt of a dunning letter through the mail, Ms. Jones mailed Debt Collector a certified letter on or about June 30, 2023. (ECF Doc. No. 9 ¶19). In the letter, Ms. Jones disputed the debt and informed Debt Collector that "[t]he only convenient way to contact me is via email." (ECF Doc. No. 9 ¶20). Ms. Jones provided her email address in the letter. (ECF Doc. No. 9 ¶21). Debt Collector received Ms. Jones's letter on July 3, 2023, and still mailed an additional dunning letter to Ms. Jones's house seeking to collect the alleged debt. (ECF Doc. No. 9 ¶22-23). Debt Collector's reckless collection methods caused a dissemination of Ms. Jones's private information and a discovery of the alleged debt within her household. (ECF Doc. No. 9 ¶25).

These factual allegations show a right to relief that is plausible. That is, when the factual allegations are assumed to be true, they show a right to relief that is more than mere speculation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009); *see Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56; *Brooks*,

578 F.3d at 581.

## II. Debt Collector was not obligated to communicate with Ms. Jones through the U.S. mail or some means other than email.

Debt Collector next argues that it was obligated to respond to Ms. Jones's

letter pursuant to 15 U.S.C. § 1692g(b).  Section 1692g(b) reads in relevant

part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Debt Collector's argument is severely flawed for several reasons. First,

Debt Collector is improperly relying on two unauthenticated documents it

attached as extrinsic evidence outside of the complaint.[3]  On a motion to

dismiss, the Court cannot consider extrinsic evidence outside the complaint.

*See* Fed. R. Civ. P. 12(d); *see, e.g., GFF Corp. v. Associated Wholesale Grocers,*

*Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (court must exclude outside material

unless motion converted to one for summary judgment under Rule 56).

---

[3] Plaintiff objects to the consideration and admission of Debt Collector's motion to dismiss exhibits.  *See* ECF Doc. 11-2 and 11-3.

Second, Debt Collector is contending the "mail" requirement contained in section 1692g(b) must be construed as to only mean United States postal mail.  In other words, Debt Collector contends that it could not have electronically mailed the information pursuant to a consumer's request.  Debt Collector did not cite a single case supporting this interpretation and did not cite a single case supporting the notion that this provision should supersede other sections of the FDCPA including section 15 U.S.C. § 1692c(a)(1).

Third, the mail requirement in and of itself could only be triggered if Ms. Jones properly notified Debt Collector in writing within the thirty-day period after Debt Collector's *initial communication* with Ms. Jones.  *See* 15 U.S.C. § 1692g(b).  If a consumer does not request verification within thirty (30) days after the initial communication with a debt collector, that debt collector has no obligation to mail the verification or perform any other duties under 15 U.S.C. § 1692g(b).

Currently, Plaintiff does not know all of the communications made by Debt Collector.  Plaintiff would need to conduct discovery to become aware of all of Debt Collector's communications and the requisite timelines associated with each.  In the interest of justice, Plaintiff should be afforded time to conduct discovery on this issue.

III.     **Ms. Jones's complaint provides fair notice of the claim under 15 U.S.C. § 1692d and the factual allegations are sufficient to show that the right to relief is plausible.**

Lastly, Debt Collector asserts Ms. Jones failed to plausibly allege that Debt Collector violated 15 U.S.C. § 1692d.  In section 1692d, Congress created a general open-ended prohibition of harassing, oppressive, or abusive conduct in recognition of its inability to foresee every conceivable debt collection method.

According to a Senate report: "this bill prohibits in general terms any harassing, unfair, or deceptive collection practice."[4]  In Ms. Jones's complaint after receipt of a dunning letter through the mail, Ms. Jones mailed Debt Collector a certified letter in which Ms. Jones disputed the debt and informed Debt Collector that "[t]he only convenient way to contact me is via email." (ECF Doc. No. 9 ¶19-20).  Ms. Jones provided her email address in the letter.  (ECF Doc. No. 9 ¶21).  Debt Collector received Ms. Jones's letter on July 3, 2023, and still mailed an additional dunning letter to Ms. Jones's house seeking to collect the alleged debt.  (ECF Doc. No. 9 ¶22-23).

Debt Collectors actions resulted in the discovery of Ms. Jones's private information.  (ECF Doc. No. 9 ¶25).  These facts provide fair notice of the claim under 15 U.S.C. § 1692d and are sufficient to show that the right to relief is plausible.

---

[4] S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted at* 1977 U.S.C.C.A.N. 1695, 1696 *and reproduced at* Appx. A.3, *infra.*

CONCLUSION

Because Ms. Jones stated a claim on which relief can be granted, the Court should deny Debt Collector's motion in its entirety and retain the case on the Court's docket.

Respectfully submitted:

**Law By JW, LLC**
1590 Jonesboro Rd. SE #6839
Atlanta, GA 30315
Phone: (832) 422-6362
jeff@lawbyjw.com

By: _____
    JEFFREY A. WILSON

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2024, a true and correct copy of the foregoing document and a notice of filing was duly furnished to all counsel of record using ECF system for filing.

/s/ Jeffrey A. Wilson
Jeffrey A. Wilson