## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARISMA JONES,                          )
                                         )
      Plaintiff,                         )
                                         )
v.                                       )    Case No. CIV-24-50-SLP
                                         )
AMERICAN COLLECTION SERVICES,            )
INC. and WORKS & LENTZ, INC.,            )
                                         )
      Defendants.                        )

## <u>O R D E R</u>

Before the Court are: (1) Defendant Works & Lentz, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 11]; and (2) Plaintiff's Motion to Strike Exhibits 1 and 2 to Defendant's Motion to Dismiss [Doc. No. 12]. These matters are fully briefed. *See* [Doc. Nos. 13 and 14]. Also before the Court is Defendant Works & Lentz, Inc.'s Alternative Motion to Supplement its Motion to Dismiss [Doc. No. 16]. Plaintiff has not responded to this Motion and the time for doing so has expired. The Court, in its discretion, may deem the Motion confessed. *See* LCvR 7.1(g).

For the reasons that follow, the Court GRANTS Defendant's Motion to Supplement and DENIES Plaintiff's Motion to Strike. The Court further GRANTS Defendant's Motion to Dismiss and DISMISSES this action.[1]

---

[1] Defendant American Collection Services, Inc. was previously dismissed from this action. *See* Voluntary Dismissal With Prejudice [Doc. No. 18].

## I.    <u>Background</u>

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), and raises two claims for relief.  First, Plaintiff alleges a violation of 15 U.S.C. § 1692c(a)(1) based on Defendant's alleged wrongful conduct in communicating with Plaintiff at a place Defendant knew was not convenient.  Am. Compl. ¶¶ 36-38.  Second, Plaintiff alleges a violation of 15 U.S.C. § 1692d based on Defendant "engaging in conduct . . . the natural consequence of which is to harass, oppress, and/or abuse [Plaintiff]."  *Id*., ¶¶ 40-42.  Plaintiff claims she suffered actual damages as a result of Defendant's actions, including invasion of privacy, intrusion upon seclusion, and stress-related injuries.  *Id*., ¶¶ 31-34.

## II.    <u>Governing Standard</u>

A party may move to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal is proper when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (citation omitted).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [complaint] alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336

F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In reviewing the sufficiency of the complaint, "[a]ll well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party."  *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).  However, not all factual allegations are entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  A formulaic recitation of the elements of a claim and other conclusory allegations need not be accepted as true  *Id.* at 681 (citing *Twombly*, 550 U.S. at 554-55).

## III.    <u>Factual Allegations of the Amended Complaint</u>

Defendant is a corporation "engaged in the collection of debt from consumers using the mail and telephone."  Am. Compl., ¶ 16.  On June 30, 2023, after having received a "dunning letter,"[2] Plaintiff mailed a certified letter to Defendant disputing "the debt" and advising Defendant that the only convenient way to contact her was by email.  *Id.*, ¶¶ 19-20.  Plaintiff included her email address in the letter.  *Id.*, ¶ 21.

On July 3, 2023, Defendant received Plaintiff's letter.  *Id.*, ¶ 22.  On July 14, 2023, Defendant mailed a second dunning letter to Plaintiff's house, seeking to collect the alleged debt.  *Id.*, ¶ 23.[3]  Plaintiff does not live alone.  *Id.*, ¶ 24.  Defendant's conduct "caused a

---

[2] A dunning letter is "a notification sent to a customer, stating that it is overdue in paying an account receivable to the sender."  *Crawford v. Law Offices of Brett Borland*, No. 1:23-CV-191, 2024 WL 187825 at *1, n. 4 (S.D. Ohio Jan. 12, 2024) (citation omitted); *see also LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 n.7 (11th Cir. 2010) ("Since 'dunning' means to make persistent demands upon another for payment, a 'dunning letter' may be considered as simply another name for a letter of collection." (cleaned up) (citation omitted)).

[3] The referenced letters are attached to Defendant's Motion.  *See* Doc. Nos. 11-1 and 11-2.

dissemination of [Plaintiff's] private information and a discovery of the alleged debt within her household." *Id.*, ¶ 25.

## IV.    <u>Discussion</u>

### A.    **Claim Under 15 U.S.C. § 1692c**

Section 1692c prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1). Plaintiff contends that after she sent correspondence to Defendant advising that the only convenient way to contact her was by email, Defendant then violated the statute by sending correspondence to her house.

Defendant seeks dismissal of the claim. Defendant argues that its communication to Plaintiff, sent by regular mail to her home address, is not, as a matter of law, an "inconvenient place." Mot. at 4. Additionally Defendant argues there are situations in which a debt collector is legally obligated to communicate with a consumer through U.S. Mail or some means other than email and that the Defendant's communication with Plaintiff involves such a situation. *Id.* at 5 (citing 15 U.S.C. § 1692g(b)).

In response, Plaintiff asserts that if a consumer notifies a debt collector that a place is inconvenient, the debt collector should not direct communications to that place. Resp.

at 4. Plaintiff points to "Regulation F" to argue that the statue contemplates that a consumer has the right to designate a time or place as inconvenient.[4]

Another judge in this judicial district recently addressed a claim under § 1692c(a)(1) based on nearly identical factual allegations as those at issue here. *See Lusk v. Midland Credit Mgmt., Inc*., No. CIV-24-381-R, 2024 WL 4171355 (W.D. Okla. Sept. 12, 2024). The court found dismissal proper. The court determined the plaintiff's claim, in effect, contested the *medium* of communication, not the *location* to which the communication was sent. *Id*. at *3.

As the *Lusk* court explained, the plaintiff's letter advising the defendant to only communicate with her by email implied not only that her home was an inconvenient place, but "that everywhere that is not her email is similarly inconvenient." *See id*. at *7. The court found that "[t]his preference goes beyond what the statute enables consumers to restrict." *Id*.; *see also id*. at *3 ("Plainly the FDCPA provides protections for when and where consumers may be contacted. There is no such protection for how consumers may be contacted.").

Other courts both in this judicial district and elsewhere are in agreement with this analysis. *See Winstead v. Carter-Young, Inc.*, No. CIV-23-956-JD, 2024 WL 4204926 at *3 (W.D. Okla. Sept. 16, 2024) (Section 1692c(a)(1) "does not prohibit any specific medium of communication, it just limits the time and place of communication" and,

---

[4] *See* Official Interpretations of Regulation F, 12 CFR part 1006, 85 Fed. Reg. 76734-01, 2020 WL 7014904, at *76761 (Nov. 30, 2020) ("The Bureau declines to restrict how a consumer may designate a time or place as inconvenient.').

therefore, dismissal of plaintiff's claim was proper where plaintiff alleged that "utilizing snail mail, as opposed to email" violated the FDCPA); *Marks v. Javitch Block, LLC*, No. 1:23-CV-431-MJT-CLS, 2024 WL 1134037 at *2 (E.D. Tex. Mar. 14, 2024) (dismissal of plaintiff's claim proper where plaintiff did not state that his home was inconvenient but that the medium of communication – a letter – caused harm; "the FDCPA distinguishes between a preference in a medium and a consumer's right to not be contacted at a time or place known to be inconvenient"); *Kirk v. Credit Mgmt. L.P.*, No. 2:23-CV-482-ECM, 2024 WL 3240564 at *2 (M.D. Ala. June 28, 2024) (finding – based on allegations virtually identical to those at issue here – that the plaintiff's dispute was with the medium of communication, not the time or place of receiving the communication, and therefore the plaintiff failed to plead a violation of § 1692c(a)(1) as a matter of law); *Ford v. Midland Credit Mgmt., Inc.*, No. 3:23-cv-00213-TCB-RGV, 2024 WL 3813750 at * 3 (N.D. Ga. July 8, 2024) (accord).[5]  The Court finds the analysis set forth in these cases persuasive. On the facts alleged, Plaintiff fails to plausibly state a violation of § 1692c(a)(1).  Plaintiff's letter simply stated a preference as to the medium of communication – email versus mail – not the place of communication.

Plaintiff further relies on "Regulation F" to demonstrate that she has alleged facts sufficient to state a claim against Defendant.  As set forth, Plaintiff argues that ""[i]f a consumer . . . notifies a debt collector or the debt collector otherwise knows that a place is

---

[5] Defendant submitted Notices [Doc. Nos. 15 and 19] citing the *Marks* and *Lusk* decisions as supplemental authority for the Court's review.

inconvenient, then the debt collector should not direct communications to that place." Resp. at 4. Plaintiff's argument tracks 12 C.F.R. § 1006.14(h)(1).[6]

As the court found in *Lusk*, the regulation set forth in § 1006.14(h) does not apply to claims brought under the statutory provision § 1692c. *See Lusk*, 2024 WL 4171355 at *3 (explaining that the implementing regulations for claims brought under § 1692c are found at 12 C.F.R. § 1006.6 ("communications in connection with debt collection") and that 12 C.F.R. § 1006.14 applies to "harassment or abuse" "which is enshrined in § 1692d of the statute") Therefore, Plaintiff's reliance on this regulation fails to support her claim for relief.

Even if § 1006.14(h) were applicable, Defendant's alleged conduct falls within at least one exception to this provision. *See* 12 C.F.R. §§ 1006.14 (h)(2)(iii).

Plaintiff alleges that she mailed a letter to Defendant "disput[ing] the debt." *See* Am. Compl., ¶ 20. As Defendant argues in its Motion, pursuant to 15 U.S.C. § 1692g(b), it was required to mail verification of the debt to Plaintiff, and this is exactly what it did in

---

[6] Section 1006.14(h)(1) states, "In connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." 12 C.F.R. § 1006.14(h)(1).

the letter it mailed to Plaintiff and upon which Plaintiff relies to support her claim.[7]  This conduct falls within § 1006.14(h)(2)(iii).[8]

In Response, Plaintiff argues that the letter Defendant relies upon is unauthenticated. For the reasons discussed infra in the context of Plaintiff's Motion to Strike and Defendant's Motion to Supplement, the Court rejects this argument.  Second, Plaintiff argues Defendant could have complied with § 1692g(b) by email and that Defendant has failed to cite any case law to support its position that the word "mailed" as used in the statute is exclusive of email.  But Plaintiff similarly fails to cite any case law to support her position.  The Court rejects Plaintiff's argument.  The more reasoned interpretation is that "mailed" means the U.S. mail, not electronic mail.  Finally, Plaintiff argues that she does not "currently know all of the communications made by Debt Collector" and she "would need to conduct discovery to become aware of all of Debt Collector's communications and

---

[7] Section 1692g(b) provides in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is *mailed* to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

[8] Section 1006.14(h)(2)(iii) provides: "*If otherwise required by applicable law*, a debt collector may communicate or attempt to communicate with a person in connection with the collection of any debt through a medium of communication that the person has requested the debt collector not use to communicate with the person."  12 C.F.R. § 1006.14(h)(2)(iii) (emphasis added).

the requisite timelines associated with each." Resp. at 8. But the Court will not permit discovery or further development of a legally baseless claim. *See, e.g., Shelton v. Sha Ent., LLC*, No. CV-20-644-D, 2020 WL 6389858, at *2 (W.D. Okla. Oct. 30, 2020) ("Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." (quoting *Podany v. Robertson Stephens, Inc*., 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)).

In any event, the Court makes this finding in the alternative. As set forth, § 1006.14(h) does not apply to Plaintiff's claim under § 1692c.

In sum, the Court finds Plaintiff has failed to state a claim for relief under 15 U.S.C. § 1692c(a)(1). The Court finds persuasive the analysis of other district courts, both within this judicial district and elsewhere, addressing this same issue. The Court finds that on the facts alleged, Defendant's mailing of correspondence to Plaintiff's house, after she notified Defendant that the only convenient way to contact her was by email, does not constitute a violation of the FDCPA.

### B.    Claim Under 15 U.S.C. § 1692d

Plaintiff's claim under § 1692d is premised on the same conduct – sending correspondence by mail to her after she told Defendant that the only convenient way to contact her was by email. Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statue provides a non-exhaustive list of violative conduct to include:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C.A. § 1692d

The conduct alleged by Plaintiff is unlike the listed examples of conduct that are per se violations of the statute. Plaintiff's general and conclusory allegations, based on a one-time letter, are insufficient to state a plausible claim for relief under § 1692d. *Compare Askmo v. D.B.F. Collection Corp.*, No. 22 CIV. 565 (AT), 2024 WL 552467 at *3 (S.D.N.Y. Feb. 12, 2024) ("One phone call and one email to [the plaintiff's] mother does not, as a matter of law, constitute harassment under Section 1692d."); *Scott v. Windsprint*, No. 4:23-CV-11-P, 2023 WL 4748997, at *4 (N.D. Tex. June 15, 2023) (dismissing the plaintiff's claim under § 1692d of the FDCPA where the only communication the plaintiff alleged she received from the defendant was a single email containing a list of people, including the plaintiff, who allegedly owed a debt of $1,509.40, as the content of this email, as pled, was not harassing), report and recommendation adopted, No. 4:23-CV-0011-P,

2023 WL 4748216 (N.D. Tex. July 25, 2023).  Therefore, dismissal of Plaintiff's § 1692d claim is proper.

## V.    Motion to Strike

Plaintiff moves to strike Exhibits 1 and 2 attached to Defendant's Motion.  Exhibit 1 is a copy of the letter dated June 30, 2023 that Plaintiff sent to Defendant advising Defendant that the only convenient way to contact her was by email.  Exhibit 2 is a copy of the letter dated July 14, 2023 that Defendant sent to Plaintiff's home address after Plaintiff had sent her June 30, 2023 letter to Defendant.  Plaintiff disputes the authenticity of the letters, even though one of those letters is authored by Plaintiff and both letters form the very basis of, and are essential to, her claims.  Defendant subsequently moved to supplement its Motion to Dismiss with an affidavit authenticating the letters.  Plaintiff did not respond and, therefore, the Court deems the matter confessed.

The letters are central to Plaintiff's claims and expressly referenced in her Complaint.  Moreover, the letters have been properly authenticated.  Thus, the letters are properly considered by the Court.  *See Utah Gospel Mission v. Salt Lake City Corp*., 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("[A] document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.").  Plaintiff's Motion to Strike, therefore, is denied.[9]

---

[9] Moreover, the Motion to Strike is procedurally improper.  *See Lusk*, 2024 WL 4171355 at * 1 ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." (citation omitted)).

**VI.**   **Conclusion**

IT IS THEREFORE ORDERED as follows:

1)    Defendant Works & Lentz, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Doc. No. 11] is GRANTED and Plaintiff's action is DISMISSED.  A separate judgment of dismissal shall be entered contemporaneously with this Order.

2)    Plaintiff's Motion to Strike Exhibits 1 and 2 to Defendant's Motion to Dismiss [Doc. No. 12] is DENIED.

3)    Defendant Works & Lentz's Alternative Motion to Supplement its Motion to Dismiss [Doc. No. 16] is GRANTED.

IT IS SO ORDERED this 26th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

12